IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,                           ORDER

                  Plaintiff,

                                     15-cr-21-wmc-2

        v.

CHUKWUEMEKA IKEGWUONU,

                  Defendant.

Defendant Chukwuemeka "William" Ikegwuonu has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on comorbidities that make him vulnerable should he contract COVID-19.  (Dkt. #116.)  Specifically, Ikegwuonu seeks a sentence of time served, with the first six months of supervision to be served in a halfway house before moving into his mother's house in Madison, Wisconsin.  The government agrees that defendant's medical profile, which includes diabetes, sickle cell disease and hypertension, presents an extraordinary and compelling reason for release in light of the COVID-19 pandemic, especially in light of Ikegwuonu's incarceration at FCI-Elkton, where COVID-19 has taken hold,[1] but still opposes defendant's motion on the

---

[1]   A recent count of the number of prisoners testing positive for COVID-19 at FCI-Elkton was 357; nine prisoners have died so far; and 622 prisoners have recovered.  *See* COVID-19 Cases, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited July 13, 2020).  While the Sixth Circuit recently vacated District Judge Gwin's preliminary injunction related to the conditions at FCI-Elkton -- finding that medically-vulnerable prisoners were not likely to succeed on the merits of deliberate indifference claim based on the prison officials' response to the coronavirus threat. *Wilson v. Williams*, No. 20-3447, 2020 WL 3056217, at *7 (6th Cir. June 9, 2020) – the conditions themselves have not changed apparently, as the government concedes.

1

ground that Ikegwuonu remains a danger to the community.   (Dkt. #119.)   After reviewing the parties' briefing and consulting with the Probation Office, Ikegwuonu's motion will be granted in part for the reasons set forth below.

BACKGROUND

On February 20, 2015, William Ikegwuonu and his brother Ifeanyichukwu "Jack" Ikegwuonu were each charged with five counts of armed robbery, in violation of 21 U.S.C. § 1951, and one count of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).   William Ikegwuonu pleaded guilty on March 11, 2015, and he faced a mandatory minimum sentence of 84 months for the brandishing charge, and an advisory guideline range of 63-78 months for the armed robbery counts.

Ikegwuonu's defense counsel requested the minimum amount of prison time, due to Ikegwuonu's impressive academic and athletic achievements, supportive family, timely plea and because the crimes were committed in a burst of stupidity while he and his brother were strung out on heroin.   Although the government acknowledged the addiction at the time of the robberies, it rightly emphasized the traumatic impact of the robberies on the victims, who did not know the gun used was not loaded, and noted that the majority of heroin addicts do not commit the types of crimes Ikegwuonu committed.

On June 22, 2015, the court sentenced Ikegwuonu.   At that time, the court emphasized that it was bound by the Seventh Circuit's ruling in *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007), requiring that the robberies be considered separately from the 84-month, mandatory minimum sentence imposed from the brandishing conviction.

Thus, the court sentenced Ikegwuonu to 108 months in prison, concluding that Ikegwuonu's crimes of conviction did not appear to the court to be indicative of his character, but rather a function of his and Jack's profound heroin addiction, which began with substances prescribed for each of their lingering football injuries and, as sometimes happens, began a frightening descent. (Dkt. #91, at 56.) In particular, the court concluded that William Ikegwuonu's conduct was "out of character and conflict[ed] with how he was raised and what he ha[d] accomplished in his life up to the point of his crime spree." (Dkt. #80, at 5.) The court further commented "that I would have given a substantially lower sentence but for the mandatory nature of Section 924 of Title 18," then noting in particular, that "I can't imagine more than five years in prison is going to be of any benefit to [Ikegwuonu] or society." (Dkt. #91, at 64, 72.) Nevertheless, consistent with the law in effect at the time of sentencing, the court imposed a *nine*-year sentence and Ikegwuonu's projected release date is still August 24, 2022.

OPINION

As amended by the First Step Act, Section 3582(c)(1)(A) authorizes courts to reduce a term of imprisonment if: "defendant has fully exhausted all administrative rights," and the court finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. 3582(c)(1)(A). The applicable policy statement issued

3

by the Sentencing Commission further provides that the court may reduce a term of imprisonment if:

> [A]fter considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that --
> (1) extraordinary and compelling reasons warrant the reduction . . .
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

As noted previously, the government agrees that Ikegwuonu has met the exhaustion requirement, and that his multiple health issues (when coupled with the circumstances at FCI-Elkton) constitute an extraordinary and compelling reason to reduce his sentence.[2] Nonetheless, the government opposes the motion on the ground that Ikegwuonu remains a danger to the safety of the community.   In particular, the government believes Ikegwuonu to be a continuing threat to the community because:

- His offenses of conviction -- five armed robberies and brandishing a firearm during those robberies -- are sufficiently serious to establish that he continues to be dangerous.

---

[2]  Although not material given its other concessions, the government would take issue with Dr. Barbara Benjamin's expert opinion that Ikegwuonu suffers from diabetes (*see* dkt. #116-1).   Since the government concedes that Ikegwuonu's other medical challenges meet the statutory definition of extraordinary and compelling reasons for relief, the court need not resolve the severity of Ikegwuonu's diabetes.   Along a similar vein, Ikegwuonu argued in his initial brief that the United State Supreme Court's decision in *Dean v. United States*, 556 U.S. 568 (2017), constitutes an additional extraordinary and compelling reason for compassionate release.   The court also need not resolve this question.   However, the court does note that Ikegwuonu filed a motion to vacate under 28 U.S.C. § 2255 on the same ground (dkt. #104), that if not rendered moot by this order would likely be denied because (1) it was untimely under § 2255(f), and (2) *Dean* is not retroactive, *see Beasley v. Werlich*, No. 18-cv-1125-DRH, 2018 WL 3348961, at *2 (S.D. Ill. July 6, 2018).

4

- In 2005, Ikegwuonu was convicted of Battery/Bodily harm for striking another person in the head.

- In 2010, Ikegwuonu was "involved in" a scheme to defraud a shoe store of approximately $1,500.

In the government's view, this record constitutes a sufficient pattern of violence and thefts that it will likely reestablish itself if released, especially since his release plan lacks a strong support network.[3]   Considering that the court found even at the time of sentencing that five years should be sufficient to cause Ikegwuonu to consider his past mistakes and, even more important, address his addictions, the government's argument is thin at best. Ikegwuonu's crimes of conviction were unquestionably dangerous and indefensible, but not a culmination of events in Ikegwuonu's life trending in that direction.   Rather, the government points to two incidents, five years apart, that pre-date, and in **no** way presaged, the reckless string of armed robberies that followed much later, nor even taken together do his crimes establish a discernable behavioral pattern or inevitable path toward violence and theft in his future.   Indeed, as Ikegwuonu points out, his only other act of violence arose out of a fight at a frat party, and he was never actually charged with a crime for his alleged involvement in retail theft.   Accordingly, just as when sentencing Ikegwuonu in 2015, the court remains convinced that Ikegwuonu's tragic downward spiral into a self-destructive robbery spree was fueled by his heroin addiction alone -- not some progression towards

---

[3] As the government points out, Ikegwuonu's brother remains incarcerated, his sister and father died since he has been incarcerated, and his mother is undergoing cancer treatment.

ever escalating violence, much less the product of an inherently violent individual.   (*See* dkt. #80, at 5.)

Furthermore, the government's opposition makes no effort to refute Ikegwuonu's representations about his efforts towards sobriety and rehabilitation since his sentencing five years ago.   His mother similarly advocates for him, noting that his experience has humbled him and led to new level of maturity and spiritual growth.   Additionally, probation reports that Ikegwuonu completed a 40-hour drug education program.

Indeed, seemingly the only factor working against Ikegwuonu is that he has received three conduct reports since he has been incarcerated, one of which is for fighting, but without knowing the details, this is not a sufficient red flag to delay this defendant's release. Of course, the court cannot emphasize enough the importance of defendant's compliance with *all* terms and conditions of his release should he wish to remain out, especially complete sobriety and absolutely no altercations of *any* kind.

Finally, the court simply does not see the deaths of Ikegwuonu's sister and father as a reason to conclude that he lacks a support network or remains a danger to the community.   To start, probation reports that his mother's living conditions are acceptable and free of weapons, alcohol and controlled substances.   Although she is undergoing cancer treatment, Ikegwuonu's mother is in a position to provide him with emotional support (and her condition is a further incentive) to maintain sobriety and adjust to the terms of his supervision.   Moreover, Ikegwuonu recently demonstrated his continued commitment to his family, having donated bone marrow to his sister in 2017 in an effort

to prolong her life.

On balance, the information before the court does not suggest Ikegwuonu remains a danger to the community, and the court is inclined to agree that, at this point in his sentence, granting his release not only satisfies the § 3553(a) factors but addresses any risks to the defendant's health at FCI-Elkton.

That said, to ensure Ikegwuonu's safety, and the safety of those around him, the court will require that before his release that he develop an acceptable plan in coordination with the Probation Office for appropriate quarantining before and after his release, safe transport back to Madison, GPS monitoring and curfew rules.[4]

Accordingly, the court will grant Ikegwuonu's motion and reduce his term of incarceration to time served effective 14 days from entry of a further order addressing defendant's release plan.   If Ikegwuonu tests positive for COVID-19 during that period of time, the government may notify the court and seek an extension of the release date for a time when Ikegwuonu tests negative and displays no symptoms.

## ORDER

1) Defendant Chukwuemeka Ikegwuonu's motion for compassionate release (dkt. #116) is GRANTED, and his term of incarceration is reduced to time served as of 14 days from entry of a further order addressing defendant's release plan.

---

[4] Defendant's mother represents that she will purchase a bus ticket for him, but this may pose a risk of exposure to both defendant and the public.

2) Ikegwuonu's *pro se* motion for compassionate release and renewed motion (dkt. ##110, 112) is DENIED as moot.

3) Ikegwuonu's motion to vacate under 28 U.S.C. § 2255 (dkt. #104) is DENIED.

Entered this 20th day of July, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge